22-6300-ag
*Chen v. Garland*

<h1 style="text-align:center">UNITED STATES COURT OF APPEALS<br>FOR THE SECOND CIRCUIT</h1>

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-four.

Present:

> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> 		*Circuit Judges,*
> PAUL A. ENGELMAYER,
> 		*District Judge.*[1]

---

MEIZI CHEN,

> *Petitioner*,

> v.                                                                22-6300-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY
GENERAL,

> *Respondent*.

---

| | |
|---|---|
| For Petitioner: | HENRY ZHANG, ESQ., Zhang and Associates, P.C., New York, NY. |
| For Respondent: | BRIAN BOYNTON, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; M. Jocelyn Lopez Wright, Senior |

---

[1] Judge Paul A. Engelmayer of the United States District Court for the Southern District of New York, sitting by designation.

Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED IN PART** and **DENIED IN PART**.

Petitioner Meizi Chen, a native and citizen of the People's Republic of China, seeks review of a May 27, 2022, decision of the BIA affirming a June 10, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meizi Chen*, No. A 209 937 047 (B.I.A. May 27, 2022), *aff'g* No. A 209 937 047 (Immigr. Ct. N.Y. City June 10, 2019). [2] We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily affirmed the IJ's decision without an opinion, we have reviewed the IJ's decision. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review factual findings for substantial evidence, and we review questions of law and the application of law to fact *de novo*. *Hong Fi Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "The administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B).

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *Id.* § 1158(b)(1)(B)(ii). Accordingly, "in some cases . . . an applicant may be generally

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available." *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018); *see also Pinel-Gomez v. Garland*, 52 F.4th 523, 529-30 (2d Cir. 2022) (explaining that the agency may find testimony credible but "still decide that the testimony falls short of satisfying the applicant's burden, either because it is unpersuasive or because it does not include specific facts sufficient to demonstrate that the applicant is a refugee"). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Before denying a claim solely on this basis, the IJ must "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation." *Wei Sun*, 883 F.3d at 31. When the IJ has satisfied these requirements, we may reverse the agency's decision only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4); *see Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011).

Chen testified that he had been harassed, arrested, and beaten for unpaid debts in China, which he had incurred the course of running a supermarket. The IJ stated that Chen "was credible in the sense that his testimony was internally consistent," but that "corroborating evidence was needed here." Certified Administrative Record (CAR) at 40. The IJ denied Chen relief on asylum and withholding of removal based on Chen's failure to corroborate that testimony.

We discern no error in the agency's denial of asylum and withholding of removal. The only corroboration that Chen provided was an identity document. The IJ identified various potentially corroborating documents that were missing from the record while giving Chen an opportunity to

explain their absence, and the record does not compel the conclusion that those documents were unavailable. Critically, Chen did not obtain a letter from a friend who allegedly saw him in jail, arranged for his release, and encouraged him to flee the country to escape his abusers. Chen explained that he had not asked for such a letter and said that he could have done so if he had understood that it was necessary—not that a letter would have been unavailable if he had requested it. The IJ is entitled to require corroboration of even credible testimony, and this letter would have been particularly significant because Chen offered no other corroboration of the arrest that was the basis for his claim of past persecution and torture. *See Wei Sun*, 883 F.3d at 28. Chen also argues that he should have been given more time to obtain the letter, but he never requested a continuance, and he had the "burden of introducing [corroborating] evidence without prompting from the IJ." *Id.* at 31.

Chen also did not corroborate either the existence of the supermarket he claimed to have owned and then sold to partially satisfy his debts, or his allegation that he had satisfied some of his debts. The IJ asked why Chen had not asked former customers for corroborating letters (after he testified that he was not in contact with his ex-wife and children, with whom he had operated the business, and that the business records were inaccessible). Chen responded that time had elapsed and that he had not attempted to obtain letters. The passage of time, alone, does not compel the conclusion that Chen could not have obtained a letter from someone who knew about a store he had purportedly operated for four years. And when asked why he did not obtain records from the banks he claimed to have paid, Chen testified that the banks could receive calls only from inside China and that he did not know if they could be contacted over the internet—that is, he did not try to obtain these records, and thus did not know if an attempt would have been futile.

Because Chen's asylum and withholding of removal claims were premised on the same facts, and the agency permissibly concluded that he failed to establish those facts, the agency's corroboration finding is dispositive of relief on those claims. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

With respect to the CAT claim, however, we reach a different conclusion. The only basis that the IJ articulated for rejecting this claim was that the mistreatment to which Chen had been subjected "did not rise to the level of torture," and that "he was never harmed in the past to a degree constituting torture." CAR at 42. We limit our review of the agency decision solely to the "grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). Here, with respect to the CAT claim, the IJ did not make an adverse credibility finding or otherwise state that Chen had failed to persuade the IJ that the events in question had actually transpired; to the contrary, his ruling could be read as accepting Chen's testimony for purposes of his CAT claim. For example, when addressing Chen's CAT claim, the IJ stated that Chen's "fear of the Chinese Police is understandable given past events," *id.* —a statement that appears to give credence to Chen's testimony that such "past events" actually occurred. Similarly, the IJ arguably accepted Chen's testimony that the police had coerced him to repay his debts, when the IJ observed that Chen "did not show that the police are interested in doing anything to him other than ensuring that he pays off the debt that he owes." *Id.* In concluding that Chen was not more likely than not to be tortured if he were to return to China, the IJ seemed to rely solely on the conclusion that Chen's maltreatment at the hands of the police had not been severe enough to constitute torture. In this regard, the IJ simply stated that "[w]ithout minimizing [Chen] being poked or struck by a police baton on one occasion, that mistreatment did not rise to the level of torture as [Chen] did not seek professional medical treatment nor did he testify to any lasting injuries from this event." *Id.* If the IJ did indeed accept Chen's testimony as true for

5

purposes of his CAT claim, as the text of the ruling suggests, then the CAT analysis is flawed because it did not consider the additional deprivations to which Chen testified he had been subjected—including that he had been detained for three days in a Chinese police station without food and water. Because the record suggests that, for purposes of the CAT claim, the IJ accepted Chen's testimony but did not consider the totality of the misconduct that Chen testified that he suffered, we remand the case to the BIA with direction to further remand to the IJ for reconsideration of Chen's CAT claim.

*   *   *

For the foregoing reasons, the petition for review is **DENIED** with respect to Chen's asylum and withholding of removal claims, and is **GRANTED** for further proceedings on his CAT claim consistent with this summary order.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court